**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| KENDRICK MARQUIS MINTON, | : | MOTION TO VACATE |
|---|---|---|
| Inmate No. 58777-019, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CRIMINAL NO. |
| v. | : | 1:07-CR-0017-JOF-JFK-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:09-CV-0852-JOF |

**OPINION AND ORDER**

This matter is currently before the Court on Movant Kendrick Marquis Minton's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 138) and the Government's response thereto (Doc. 142). Also pending before this Court are Movant's requests for default judgment (Docs. 141, 143), which are **DENIED**. See Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) (stating that "a default judgment is not contemplated in habeas corpus cases").

**I. PROCEDURAL HISTORY**

A federal grand jury indicted Movant and his co-defendant, Lindsey Orr, for armed robbery of a Wachovia Bank, in violation of 18 U.S.C. §§ 2113(a)-(d) and 2 ("Count One"); using and carrying a firearm in furtherance of the armed bank robbery charged in Count One, in violation of 18 U.S.C. §§ 924(c) and 2 ("Count

Two"); armed robbery of a Bank of America, in violation of §§ 2113(a)-(d) and 2 ("Count Three"); and using and carrying a firearm in furtherance of the armed bank robbery charged in Count Three, in violation of §§ 924(c) and 2 ("Count Four"). (Doc. 8). Movant pled guilty to Counts One, Three, and Four of the indictment, pursuant to a negotiated plea agreement. (Doc. 27, plea agreement at 1). In exchange, the Government agreed to dismiss Count Two. (Id.). The Government also agreed to make certain sentencing recommendations, including that Movant receive an adjustment for acceptance of responsibility unless Movant, after entering his guilty plea, engaged in "conduct inconsistent with accepting responsibility" by, for example, giving false testimony or conflicting statements regarding his offense conduct. (Id. at 4-6).

At the plea hearing, Movant was sworn in and advised that if he made a false statement, he could be prosecuted for a separate offense. (Doc. 79 at 2-3). Movant stated that he had never been treated for alcoholism, drug abuse, or any mental, nervous, or emotional disorder. (Id. at 4). Movant also confirmed that he had not had any alcohol, illegal substances, or prescription drugs that day. (Id.). Movant acknowledged that he had read and discussed the indictment and plea agreement with his counsel and was satisfied with counsel's representation. (Id. at 4-5).

Movant also confirmed that he understood the elements of his offenses, including Count Four. (Id. at 5-7). Next, the Court advised Movant that he faced a possible statutory maximum sentence of fifty-seven (57) years of imprisonment, which included twenty-five (25) years for each bank robbery count and seven years for the weapons charge. (Id. at 7-8). Movant confirmed that he understood. (Id. at 8). The Court also discussed the Sentencing Guidelines with Movant and that the Guideline recommendation is only advisory. (Id. at 8-9). Movant understood that the Court may not agree with, and was not bound by, his counsel's estimate of the Guideline range. (Id. at 9). The Court explained to Movant the rights he was giving up in pleading guilty, and Movant stated that he understood and was willing to give up those rights. (Id. at 11-12). The Court further advised Movant that the Government would not be required to recommend a reduction for acceptance of responsibility if Movant later denied "what he did or minimiz[ed his] involvement in it or [gave] conflicting statements." (Id. at 13). Movant acknowledged that no one had threatened or coerced him to plead guilty or promised him anything beyond what was contained in the plea agreement. (Id. at 17). Movant admitted that he had committed the crimes charged in Counts One, Three, and Four. (Id. at 17-18). The Court then accepted Movant's plea. (Id. at 19).

AO 72A
(Rev.8/82)

On October 25, 2007, this Court sentenced Movant to 120 months of imprisonment on Counts One and Three, to run concurrently, and a consecutive eighty-four months of imprisonment on Count Four. (Doc. 74). Movant appealed, arguing that: (1) this Court erred in enhancing his offense level by finding that he "otherwise used" the firearm in the Wachovia Bank robbery rather than merely brandishing it; (2) he was entitled to a reduction for acceptance of responsibility; and (3) his sentence was substantially unreasonable. United States v. Minton, 283 Fed. Appx. 774, 775 (11th Cir. 2008) (unpublished). The Eleventh Circuit summarized the relevant facts as follows:

> [Movant] testified at [co-defendant] Orr's trial that he did not author the demand note that was found in Orr's apartment. Even after the government presented evidence at Orr's trial that the handwriting on the note matched [Movant's], [Movant] continued to deny that he wrote the note.

Id. at 776. The Eleventh Circuit held that Movant had "acted in a way inconsistent with acceptance of responsibility because he falsely denied relevant conduct that the district court determined to be true." Id. at 778. On June 26, 2008, the Eleventh Circuit affirmed Movant's sentences. Id. at 780.

On March 26, 2009, Movant, proceeding pro se, filed the instant motion to vacate his sentence, claiming that he received ineffective assistance of counsel when

4

counsel failed to (1) move for psychiatric evaluation based on Movant's mental disorders and drug abuse, (2) object to the Government's breach of the plea agreement, (3) misadvised him that his sentence would be no more than eighty-seven months, and (4) apprise Movant of the elements of the weapons charge before he entered his guilty plea. (Doc. 138 at 5-10). The Government responds that all of Movant's claims lack merit, and to the extent that Movant seeks to withdraw his guilty plea based on the Government's alleged breach of the plea agreement, that argument is procedurally defaulted. (Doc. 142 at 11-24).

## II. DISCUSSION

### A. General standards

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). It is well settled that "to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).

5

An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted). Thus, no hearing is required where, as here, the case is ready for disposition.

**B.     Procedurally defaulted claims regarding voluntariness of guilty plea**

To the extent that Movant claims that he should be allowed to withdraw his guilty plea due to the Government's alleged breach and because his plea was involuntarily and unknowingly entered, the Court notes that he failed to raise these arguments on direct appeal. See Minton, 283 Fed. Appx. at 775.

A criminal defendant who fails to raise an issue on direct appeal is procedurally barred from raising the claim in a § 2255 motion, absent a showing of cause and prejudice or a fundamental miscarriage of justice. United States v. Frady, 456 U.S. 152, 167-68, (1982); Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994). "[A] prisoner collaterally attacking his conviction can establish cause for a

6

procedural default if he can show that some objective factor external to the defense impeded counsel's efforts to comply with the procedural rule, or that his attorney's performance failed to meet the Strickland standard for effective assistance of counsel." Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997); see also United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) (holding that only a meritorious ineffective-assistance-of-counsel claim may constitute cause), cert. denied, 531 U.S. 1131 (2001). In order to establish that a failure to review a defaulted claim will result in a fundamental miscarriage of justice, Movant must show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence" not presented at trial. Schlup v. Delo, 513 U.S. 298, 324, 327 (1995).

Here, Movant does not allege a fundamental miscarriage of justice but does contend that the procedural default should be excused due to counsel's failure to raise his claims on direct appeal. (Doc. 138 at 5-10). As discussed below, Movant has not shown that his attorney's performance failed to meet the Strickland standard. Accordingly, this Court finds that Movant's argument that he should be allowed to withdraw his guilty plea is procedurally defaulted.

7

## C. **Merits of Movant's ineffective-assistance claim**

### 1. The <u>Strickland</u> Standard

The standard for evaluating ineffective assistance of counsel claims was set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). <u>See also</u> <u>Eagle v. Linahan</u>, 279 F.3d 926, 938 (11th Cir. 2001) (<u>Strickland</u> applies to allegations of ineffective assistance of appellate counsel). The analysis is two-pronged. However, a court need not address both of these prongs "if the defendant makes an insufficient showing on one." <u>Strickland</u>, 466 U.S. at 697.

First, Movant must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." <u>Id.</u> at 690. Second, Movant must also demonstrate that counsel's unreasonable acts or omissions prejudiced him. <u>Id.</u> at 694. That is, Movant "must show that there is a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u>; <u>see also</u> <u>Eagle</u>, 279 F.3d at 943 ("To determine whether the [unreasonable] failure to raise a claim on appeal resulted in prejudice, we review the merits of the omitted claim.").

8

## 2. Ground One: Counsel's failure to move for psychiatric evaluation

First, Movant argues that his trial counsel was ineffective for failing to move for a psychiatric evaluation based on Movant's mental disorders and drug abuse. (Doc. 138 at 5). Movant asserts that counsel had a duty to inform the Court that Movant had documented mental disorders and was under the influence of drugs and alcohol. (Id.).

The Government responds that this claim is refuted by the record, which reveals that Movant denied having any history of drug or alcohol abuse or mental, emotional, or nervous disorders. (Doc. 142 at 11-13). The Government further notes that Movant did report his history of drug and alcohol abuse to the probation officer but did not indicate that he was incompetent to proceed. (Id. at 13).

At the plea hearing, Movant stated that he had never been treated for alcoholism, drug abuse, or any mental, nervous, or emotional disorder. (Doc. 79 at 4). Additionally, Movant stated that he had not had any alcohol, illegal substances, or prescription drugs that day. (Id.). "[T]he representations of the defendant, his lawyer, and the prosecutor at . . . a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong

9

presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Moreover, Movant provides no support for his current contention. Accordingly, the Court finds that Movant's first ground for relief is not supported by the record.

   3. Ground Two: Counsel's failure to object to Government's breach of plea agreement

Second, Movant contends that his counsel was ineffective for failing to object to the Government's breach of the plea agreement. (Doc. 138 at 6-7). Movant states that the Government breached the plea agreement by failing to make the "previously agreed upon" sentencing recommendations. (Id.).

The Government responds that it did not breach the plea agreement, and, therefore, Movant cannot show deficient performance by counsel or prejudice based on counsel's failure to raise this meritless objection. (Doc. 142 at 14-16). The Government argues that it was not required to recommend a reduction for acceptance of responsibility or file a motion for a downward departure after Movant testified falsely at co-defendant Orr's trial and minimized his own conduct by refusing to admit that he wrote the demand note. (Id. at 15).

The plea agreement provided that the Government was not required to recommend an acceptance of responsibility adjustment if Movant later gave false

10

or conflicting testimony to minimize his role in the offense. (Doc. 27, plea agreement at 4). The Court reviewed this provision of the plea agreement with Movant during the plea colloquy. (Doc. 79 at 13). On direct appeal, the Eleventh Circuit affirmed this Court's denial of Movant's request for an acceptance of responsibility adjustment, holding that Movant had falsely denied writing the demand note. Minton, 283 Fed. Appx. at 776-78. The record establishes that the Government did not breach the plea agreement because it was under no obligation to make the agreed-upon sentencing recommendations after Movant gave false testimony at Orr's trial. Accordingly, Movant has not shown deficient performance by counsel or prejudice on this ground. See Strickland, 466 U.S. at 690, 694.

4. <u>Ground Three: Counsel's erroneous advice regarding possible maximum sentence</u>

Third, Movant asserts that his counsel was ineffective for incorrectly advising him that his sentence would be no more than eighty-seven months, and, as a consequence, his guilty plea was not knowingly and voluntarily entered. (Doc. 138 at 8). Movant states that, but for counsel's "gross" underestimate of his possible maximum sentence, he would not have accepted the plea offer. (Id.).

11

The Government responds that this claim is rebutted by the record, which reveals that Movant knew the statutory maximum sentence he faced, and that no one had promised him anything outside of the plea agreement prior to the entry of his plea. (Doc. 412 at 18-20).

To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a § 2255 movant must show that the advice he received from counsel "fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 57, 59 (1985). The movant has the burden of affirmatively proving prejudice, Gilreath v. Head, 234 F.3d 547, 551 (11th Cir. 2000), and a movant's bare allegation that he or she would not have pleaded guilty is insufficient to establish prejudice, United States v. Campbell, 778 F.2d 764, 768 (11th Cir. 1985).

During the plea colloquy, Movant acknowledged that, if he were sentenced consecutively on each count, he faced a possible maximum sentence of fifty-seven years of imprisonment, and that the Guideline range determined by the Court could differ from his counsel's estimate. (Doc. 79 at 7-9). Movant's seventeen-year sentence was much lower than the possible statutory maximum. Additionally,

12

Movant understood that the Court was not bound by the Guideline range and acknowledged that no one had promised him anything beyond what was contained in the plea agreement. (Id. at 8-9, 17). Significantly, at Orr's trial, Movant was asked what penalties he faced based on his guilty plea. Movant testified that he faced 25 years on each bank robbery charge and seven years consecutive on the firearms count. See Doc. 68-402-03. He was asked: "Do you know what your sentence is going to be on the bank robbery?" and Movant answered: "No, I just know that it goes up to 25 years." Id. This testimony conclusively demonstrates that Movant correctly understood his sentencing exposure. Accordingly, Movant cannot show that he suffered any prejudice based on counsel's erroneous estimate of his sentence. See United States v. Bradley, 905 F.2d 359, 360 (11th Cir. 1990) (holding that counsel's erroneous estimate of the sentence and offense level "did not warrant withdrawal of the guilty plea where Bradley acknowledged to the court that he understood the possible maximum sentence for his crime to be greater than the sentence the court ultimately imposed"); Cruz v. United States, 188 Fed. Appx. 908, 914 (11th Cir. 2006) (unpublished) (movant failed to demonstrate prejudice on the basis that "counsel misrepresented facts about the case and sentencing and coerced her into pleading guilty" because the court informed her of "the maximum penalties

and that the sentence imposed could be different from any estimate given to her by her lawyer or anyone else"); Stewart v. United States, No. 1:07-cv-3045-TWT, 2009 WL 909547 at *10-11 (N.D. Ga. April 2, 2009) (holding that movant failed to state a claim for relief under § 2255 based on allegation that counsel incorrectly informed him that the Sentencing Guidelines indicated a sentence of five years of imprisonment where movant acknowledged that he understood the maximum sentence he faced and "stated that no one promised him a particular sentence in order to induce him to plead guilty"). Therefore, Movant has failed to state a claim of ineffective assistance of counsel as to this ground.

5. <u>Ground Four: Counsel's failure to apprise Movant of the elements of the weapons charge</u>

Finally, Movant claims that his counsel was ineffective for failing to advise him of the elements of the weapons charge before he entered his guilty plea. (Doc. 138 at 9-10). Movant states that, at the time he entered his plea, he had no knowledge of those elements and no idea that the Court would consider imposing consecutive sentences. (Id. at 9). Accordingly, Movant argues that he should be allowed to withdraw his guilty plea. (Id.).

The Government responds that the record clearly rebuts this claim because, during the plea colloquy, this Court advised Movant of the elements of 18 U.S.C. § 924(c) and that it could impose consecutive sentences. (Doc. 142 at 20-23).

Count Four of the indictment charged Movant with using and carrying a firearm in furtherance of the armed bank robbery charged in Count Three, in violation of 18 U.S.C. § 924(c). (Doc. 8 at 2-3). During the plea colloquy, the Court advised Movant of the elements that the Government would have to prove in order to convict him of Count Four, and Movant confirmed that he understood. (Doc. 79 at 7). Moreover, the Court advised Movant that the sentence on Count Four would run consecutive to the sentences imposed on either or both of the bank robbery counts, and Movant responded that he understood the maximum penalties. (Id. at 7-8, advising Movant that sentence on Count Four would be "seven years to follow any sentence given you on either or both of the bank robbery counts"). Accordingly, the Court finds that Movant's final ground for relief is not supported by the record. See Blackledge, 431 U.S. at 73-74.

### III. CONCLUSION

For the foregoing reasons, this Court finds that the record conclusively demonstrates that Movant is not entitled to 28 U.S.C. § 2255 relief, and thus, no

AO 72A
(Rev.8/82)

evidentiary hearing is required. See Diaz, 930 F.2d at 834. Accordingly, the Movant's Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255 (Doc. 138) is **DENIED**.

**IT IS SO ORDERED** this 31st day of August, 2009.

/s J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)